## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

HALAL MUNCHIES TRADEMARK, INC., *a New York corporation*,

        Plaintiff,

  v.

HNI HOLDING CORP., *a New York corporation*,

        Defendant.

Civil Action No. 25-cv-5258_____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Halal Munchies Trademark, Inc. ("Halal Munchies" or "Plaintiff"), by and through its attorneys, for its Complaint against HNI Holding Corp. ("HNI" or "Defendant") alleges the following on knowledge as to itself and its own acts and on information and belief as to all other matters.

### NATURE OF ACTION

1.    This is a civil action for trademark infringement, false designation of origin, false advertising, unfair competition, and related New York and Ohio state statutory and common law claims. Plaintiff is the owner of all rights, title, and interest in and to the HALAL MUNCHIES trademarks, which it uses in connection with its restaurant services. Defendant is willfully infringing Plaintiff's trademark by using HALAL MUNCHIES as the name of Defendant's restaurant to trade upon Plaintiff's goodwill and profit from consumer confusion.

2.    Plaintiff brings this action to prevent further harm to its brand and to protect consumers from confusion caused by Defendant's infringement.

### THE PARTIES

3.    Plaintiff Halal Munchies Trademark, Inc. is a New York corporation with its

principal place of business at 78-15 141st Street, Apt. 3L, Flushing, New York, NY 11367.

4.      Plaintiff, directly and/or through its subsidiaries or related entities, uses the HALAL MUNCHIES trademarks in connection with restaurant services, fast-food services, and take-out restaurant services throughout the United States, including in the Eastern District of New York.

5.      On information and belief, Defendant HNI Holding Corp. is a New York corporation with its principal place of business at 2422 N. High Street, Columbus, Ohio 43202.

6.      On information and belief, Defendant HNI Holding Corp.'s registered agent for service of process is Ibraim Noorzai, 17B East Old Country Road, Box #309, Hicksville, NY 11801.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367 and 1338, and 15 U.S.C. § 1121.

8.      This Court has general jurisdiction over Defendant under NY CPLR § 301 because Defendant is incorporated in New York.

9.      This Court also has specific jurisdiction over Defendant because acts that are subject to this Complaint were committed by Defendant and/or its principals in the Eastern District of New York.  For example, upon information and belief, Defendant and/or its principals copied Plaintiff's trademarks in bad faith after being aware of, dining in, and/or seeing at least one of Plaintiff's restaurants in Queens, New York.

10.      Therefore, since Defendant is incorporated in New York, has substantial contacts with New York, and has purposefully availed itself of the laws of New York, exercising jurisdiction over Defendant is fair and proper.

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### Plaintiff, Its Business, And Its Trademark Rights

12.     Plaintiff and its related entities own and operate the popular Halal Munchies restaurant chain, which does business under the HALAL MUNCHIES trademarks. Plaintiff, by way of assignment from the creator of HALAL MUNCHIES, Zuber Khan, is the owner of all rights, title, and interest in the HALAL MUNCHIES trademarks.

13.     Mr. Khan first began using the HALAL MUNCHIES trademarks in conjunction with his restaurants at least as early as December 1, 2017.

14.     Mr. Khan opened the first HALAL MUNCHIES restaurant in Fresh Meadows, New York in 2017, and has since expanded to at least 32 locations across the United States, including in Ohio, Virginia, Connecticut, Michigan, Texas, and Pennsylvania.

15.     Due to the popularity of the restaurants, additional HALAL MUNCHIES locations are in the process of opening across the United States.

16.     Plaintiff's goods and services under the HALAL MUNCHIES marks are offered through dine-in restaurants, as well as through major delivery platforms, such as Uber Eats, DoorDash, Seamless, and Grubhub.

17.     Plaintiff ensures that its HALAL MUNCHIES restaurants serve high-quality food that comply with Halal dietary laws.  For example, Plaintiff established its own food supply warehouse so that its restaurants have consistent access to premium Halal meats, refrigerated goods, and dry products.  Plaintiff also has its own independent distribution network that handles interstate delivery.  These measures ensure that Plaintiff's customers receive the same reasonably priced, high-quality food in all of its restaurant locations, which such customers have come to know and associate with the HALAL MUNCHIES trademarks and brand.

18.    Since 2017, Mr. Khan and Plaintiff have invested substantially in promoting the HALAL MUNCHIES marks through paid advertising, online on the HALAL MUNCHIES website (https://eathalalmunchies.com), on social media (including @halalmunchies (TikTok), @halalmunchies786 (Instagram) and @halalmunchiesva (Instagram)), and through other means.

19.    Plaintiff's extensive marketing efforts have paid dividends in terms of brand awareness and name recognition.   For example, Plaintiff has over 10,100 TikTok followers and over 15,000 Instagram followers on its two accounts as of the filing of this Complaint.

20.    Plaintiff has also received significant third-party press coverage of its restaurants, including, but not limited to, by the Saginaw and Bay City News, New Britain Herald, and NY Patch.

21.    Through its extensive use and promotion over the past eight years, consumers and others in the restaurant industry have come to associate the HALAL MUNCHIES marks with Plaintiff and Plaintiff's trademarks have become assets of tremendous value.  Indeed, the HALAL MUNCHIES trademarks enable customers in this District and elsewhere to readily recognize, identify, and distinguish Plaintiff's goods and services from the goods and services of others.

22.    Plaintiff, therefore, has acquired distinctiveness in the HALAL MUNCHIES name and trademarks.

23.    To further protect its longstanding trademark rights, Plaintiff has filed U.S. Trademark Application No. 98/806,993 for HALAL MUNCHIES for "Restaurant services; Fast-food restaurant services; Take-out restaurant services" ("the '993 Application") and U.S. Trademark Application No. 97/132,751 for the below combination mark for "Restaurant services; Fast-food restaurants; Take-out restaurant services; all of the foregoing featuring Halal food" ("the '751 Application"):



24. The first filed application for the combination mark, the '751 Application, was published for Opposition on June 3, 2025.

25. On the eve of the opposition deadline, Defendant filed two extensions of time to oppose Plaintiff's '751 Application for the combination mark.

26. Plaintiff's second filed application, the '993 Application for the HALAL MUNCHIES word mark, is suspended pending a final determination on Plaintiff's '751 Application and an intervening trademark application fraudulently filed by Defendant.

**Defendant, Its Business, And Its Willful Infringement of Plaintiff's Trademark Rights**

27. Notwithstanding Plaintiff's rights, upon information and belief, Defendant owns and operates two Halal restaurants under the "Halal Munchies" name in Columbus, Ohio.

28. Upon information and belief, the goods and services offered by Defendant under the "Halal Munchies" name are either identical or substantially similar to the goods and services offered by Plaintiff under its HALAL MUNCHIES marks.

29. Upon information and belief, Defendant is owned by Hanif Hashimi and Hasib Hashimi (the "Hashimi Brothers").

30. Upon information and belief, the Hashimi Brothers and Plaintiff's owner, Zuber Khan, are acquaintances.

31. Upon information and belief, the Hashimi Brothers and/or others associated with Defendant lived in New York and have been aware of and/or dined in Plaintiff's restaurants since 2017.

32.     Upon information and belief, the Hashimi Brothers and/or others associated with Defendant dined in Plaintiff's Halal Munchies restaurant, at least in Fresh Meadows, New York, prior to Defendant opening its restaurant in Ohio under Plaintiff's HALAL MUNCHIES marks.

33.     Upon information and belief, Defendant's adoption and use of Plaintiff's HALAL MUNCHIES marks was done with knowledge of Plaintiff and its marks, willfully, and in bad faith, with the intent to cause confusion and trade upon Plaintiff's longstanding goodwill and substantial popularity and recognition.

34.     In October 2020—years after Plaintiff had been operating its HALAL MUNCHIES restaurants and with prior knowledge of Plaintiff's priority—Defendant fraudulently obtained U.S. Trademark Registration No. 6,810,533 for the HALAL MUNCHIES mark for "Restaurant; Fast-food restaurant services; Pop-up restaurant services; Restaurant services; Take-out restaurant services; all of the foregoing featuring Halal food" on the Supplemental Register ("the '533 Registration").

35.     Plaintiff first learned of Defendant's fraudulent '533 Registration in or about August 2022 when it was cited in a Nonfinal Office Action relating to Plaintiff's '751 Application.

36.     After learning of Defendant's fraudulent registration, Plaintiff's owner, Zuber Khan, petitioned to cancel Defendant's '533 Registration on January 27, 2023.

37.     As a result, Defendant expressly abandoned the '533 Registration, the Trademark Trial and Appeal board entered judgment against Defendant in the cancellation proceeding, and the '533 Registration was cancelled on May 10, 2024.

38.     While the cancellation proceeding was pending, Defendant filed a second application to register the below mark on June 19, 2023, Application No. 98/049,655 for

"Restaurant services" ("the '655 Application"), which includes Plaintiff's Halal Munchies name and mark:



39.     Defendant's second application, the '655 Application, was suspended on March 12, 2024, pending resolution of Plaintiff's earlier filed '751 Application for its combination mark.

40.     Defendant's willful infringement of Plaintiff's HALAL MUNCHIES trademarks is likely to cause confusion, and in fact, has caused actual confusion among consumers that is harming Plaintiff's goodwill.

41.     For example, a recent Google Review for Defendant's restaurant gives Defendant's restaurant 1 star and confuses Defendant and Plaintiff: "on tiktok show[s] large portions and big chunks of meat in a black container." As can be seen on Plaintiff's social media, Plaintiff (not Defendant) serves its food in black containers.



42.    Other Google Reviews indicate confusion and Defendant trading on Plaintiff's goodwill, including with customers mistakenly believing that Defendant's restaurants are "from New York" or are "straight from NYC…as if you just got off the J Train":



43.    As another example of confusion, a Facebook user posted: "When you're in New York City check these brothers out. GOOD FOOD," with a link to Defendant's Columbus, Ohio DoorDash delivery page:



44.    Besides intentionally copying Plaintiff's trademarks for identical goods and services in bad faith, Defendant has taken other steps to exacerbate the confusion. For example, upon information and belief, Defendant is falsely claiming that it is the owner of Plaintiff's Ohio HALAL MUNCHIES restaurant location and that it has over 25 locations. Defendant has also told prospective business partners that it is a partner of Plaintiff's HALAL MUNCHIES brand and has been fraudulently offering franchising and licensing opportunities for Plaintiff's HALAL MUNCHIES restaurant and marks. Upon information and belief, these false and misleading statements that wrongfully associate Defendant with Plaintiff were made to consumers and potential business partners in interstate commerce, including to consumers and potential business partners from New York.

45.    As another example, Defendant has exacerbated confusion by referring to itself as "New York Street Food" and "NYC FLAVOR," further drawing an association with the true HALAL MUNCHIES that originated in New York:





46.    Defendant has also copied Plaintiff's orange and black color scheme and uses New York City-themed décor to further draw an improper association between the restaurants.

47.    Plaintiff has experienced confusion because of Defendant's infringement. For example, Plaintiff has received inquiries from customers and prospective business partners asking about the relationship between Defendant and Plaintiff. Plaintiff further is experiencing confusion in relation to its Ohio restaurant location.

48.    The likelihood and actual confusion caused by Defendant's unlawful conduct is damaging to Plaintiff. As mentioned above, consumers have come to associate the delivery of high-quality food that complies with Halal dietary laws with Plaintiff and its trademarks. Defendant, however, has received negative reviews relating to the sourcing and quality of its products:



49.    Upon information and belief, Defendant's acts complained of herein are willful, deliberate, and committed with knowledge that its adoption and use of Plaintiff's HALAL MUNCHIES marks would cause consumers to be confused as to whether Defendant was affiliated with, licensed by, or related to Plaintiff. Upon information and belief, Defendant intended to cause such consumer confusion and trade upon Plaintiff's longstanding goodwill and substantial popularity and recognition.

50.     Despite Plaintiff's efforts to resolve this matter without the need to resort to litigation, Defendant has refused to change its name, take steps to mitigate consumer confusion, or otherwise cease identifying its business using Plaintiff's trademarks.

51.     Defendant also is interfering with Plaintiff's ability to obtain registrations for its trademarks by filing extensions of time to oppose Plaintiff's '751 Application.  Upon information and belief, Defendant's extension requests are filed in bad faith because Defendant has no legitimate basis to oppose Plaintiff's '751 Application. Plaintiff has secondary meaning in the HALAL MUNCHIES marks and clear priority over any subsequent bad faith adoption and use by Defendant. There is also claim preclusion due to the final judgment entered against Defendant in the cancellation proceeding relating to the '533 Registration.

52.     Defendant's acts complained of herein have caused damage to Plaintiff in an amount to be determined at trial and have caused irreparable injury to the public recognition and goodwill associated with Plaintiff's HALAL MUNCHIES marks.

53.     Defendant's unlawful activities, if permitted to continue unabated, will inevitably result in further damage and irreparable injury if Defendant is not enjoined by this Court. *See* 15 U.S.C. § 1116(a).

**COUNT I**
**FEDERAL FALSE DESIGNATION OF ORIGIN**
**AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a)(1)(A)**

54.     Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 53 as if fully set forth herein.

55.     Plaintiff is the owner of the HALAL MUNCHIES marks.

56.     Upon information and belief, Defendant adopted the HALAL MUNCHIES mark in bad faith and with knowledge of Plaintiff's prior use and/or rights. *See supra* Paragraphs 9, 27-33.

57.     Upon information and belief, Defendant continues to use the HALAL MUNCHIES mark in bad faith to cause confusion and trade upon Plaintiff's longstanding goodwill and substantial popularity and recognition.

58.     Upon information and belief, Defendant is using the HALAL MUNCHIES mark for identical or substantially similar goods and services to those offered by Plaintiff under its HALAL MUNCHIES marks.   These overlapping goods and services include Defendant's operation of restaurants that offer Halal food.

59.     Upon information and belief, Defendant is engaging in other unlawful conduct to exacerbate consumer confusion, including, but not limited to, falsely claiming an association with Plaintiff's restaurants, fraudulently offering franchises of Plaintiff's restaurant and licenses to Plaintiff's HALAL MUNCHIES marks, and advertising itself as "New York Street Food" and "NYC FLAVOR." *See supra* Paragraphs 44-46.

60.     In violation of 15 U.S.C. § 1125(a)(1)(A), Defendant has created and will create a false designation of origin by using the HALAL MUNCHIES marks without permission of Plaintiff, which confuses potential customers into believing that Defendant's products and services are associated with, sponsored, or approved by Plaintiff.

61.     In violation of 15 U.S.C. § 1125(a)(1)(A), Defendant is engaging in unfair competition.

62.     Defendant's use of Plaintiff's HALAL MUNCHIES marks and other unlawful conduct is causing actual consumer confusion. *See supra* Paragraphs 40-49.

63.     By these acts, Defendant has infringed Plaintiff's HALAL MUNCHIES marks in violation of 15 U.S.C. § 1125(a).

64.    Upon information and belief, Defendant acted willfully, with the intent to trade upon the goodwill and reputation of Plaintiff and its HALAL MUNCHIES marks, and with the intent to cause confusion, to cause mistake, or to deceive.

65.    Defendant's aforementioned acts have injured and violated the rights of Plaintiff in an amount to be determined at trial. Further, by these acts, Defendant has irreparably injured Plaintiff, and such injury will continue unless enjoined by this Court.

66.    Plaintiff is therefore entitled to all of the remedies available under the Lanham Act, including actual damages, an accounting of Defendant's profits, treble damages, costs, and attorneys' fees.

## COUNT II
## FEDERAL FALSE ADVERTISING, 15 U.S.C. § 1125(a)(1)(B)

67.    Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 53 as if fully set forth herein.

68.    Upon information and belief, Defendant is advertising that it has 25 or more restaurant locations, claiming that it owns Plaintiff's Middletown, Ohio restaurant location, and is offering franchises of Plaintiff's restaurant and licenses to Plaintiff's HALAL MUNCHIES marks.

69.    Defendant does not have 25 or more HALAL MUNCHIES restaurant locations.

70.    Defendant does not own Plaintiff's Middletown, Ohio restaurant location.

71.    Defendant is not authorized to offer franchises of Plaintiff's restaurants.

72.    Defendant is not authorized to license any of Plaintiff's HALAL MUNCHIES marks.

73.    Therefore, Defendant's advertising relating to its number of locations, affiliation with Plaintiff's Ohio restaurant location, and franchise and licensing offers are false and/or misleading.

74. Upon information and belief, the aforementioned false and/or misleading statements were made in bad faith so as to trade upon Plaintiff's longstanding goodwill and substantial popularity and profit from Plaintiff's popularity and recognition by tricking consumers into purchasing a HALAL MUNCHIES franchise or licensing the HALAL MUNCHIES marks from Defendant.

75. Further, upon information and belief, Defendant advertises and promotes its goods and services in commerce as being "New York Street Food," "NYC FLAVOR," and/or as originating from New York, including but not limited to on its business cards that are or have been provided to customers and with New York themed décor in its restaurants. *See supra* Paragraphs 44-46.

76. Upon information and belief, Defendant does not have any restaurant locations in New York.

77. Upon information and belief, Defendant's restaurants are only located in Ohio.

78. Therefore, Defendant's identification of its goods and services as being "New York Street Food," "NYC FLAVOR," and/or as originating from New York is misleading and/or false.

79. Upon information and belief, Defendant's promotion of itself as "New York Street Food," "NYC FLAVOR" and/or as originating from New York was done in bad faith so as to trade upon Plaintiff's longstanding goodwill and substantial popularity and recognition because Plaintiff originated in New York.

80. In violation of 15 U.S.C. § 1125(a)(1)(B), Defendant has used a false designation of origin, false or misleading description of fact, or false or misleading representation of fact in commercial advertising or promotion that misrepresents the nature, characteristics, qualities and geographic origin of Plaintiff because Plaintiff does not have 25 or more locations, cannot

franchise Plaintiff's restaurants or license Plaintiff's marks, is not associated with Plaintiff's Ohio restaurant location, and does not originate from New York.

81.    Defendant's false and/or misleading advertising has the capacity to deceive its customers and potential business partners, and in fact has caused actual confusion. *See supra* Paragraphs 40-49.

82.    Defendant's false and/or misleading advertising is material to purchasing decisions at least because consumers have purchased food from Defendant's copycat restaurant mistakenly believing that they were purchasing food from Plaintiff, who originated in New York. *See supra* Paragraph 41.

83.    Upon information and belief, consumers have also considered purchasing a franchise or licensing Plaintiff's HALAL MUNCHIES marks through Defendant because of the mistaken belief that Defendant was associated with Plaintiff.

84.    Defendant placed false and/or misleading advertising in interstate commerce by, upon information and belief, including the false and/or misleading advertising in customer orders and making the false and/or misleading statements to consumers and potential business partners and franchisees.  This false and/or misleading advertising also has been posted in a Yelp review.

85.    Upon information and belief, Defendant acted willfully, with the intent to trade upon the goodwill and reputation of Plaintiff and its HALAL MUNCHIES marks, and with the intent to cause confusion, to cause mistake, or to deceive.

86.    Defendant's aforementioned acts have injured and violated the rights of Plaintiff in an amount to be determined at trial. Further, by these acts, Defendant has irreparably injured Plaintiff, and such injury will continue unless enjoined by this Court.

87.     Plaintiff is therefore entitled to all of the remedies available under the Lanham Act, including actual damages, an accounting of Defendant's profits, treble damages, costs, and attorneys' fees.

**COUNT III**
**COMMON LAW TRADEMARK INFRINGEMENT**

88.     Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 53 as if fully set forth herein.

89.     Plaintiff is the owner of the HALAL MUNCHIES marks.

90.     Plaintiff's HALAL MUNCHIES marks have acquired strong secondary meaning by virtue of years of continuous and substantially exclusive use of such marks in interstate commerce.

91.     Upon information and belief, Defendant adopted the HALAL MUNCHIES mark in bad faith and with knowledge of Plaintiff's prior use and/or rights. *See supra* Paragraphs 9, 27-33.

92.     Defendant uses Plaintiff's HALAL MUNCHIES marks on its website as well as on social media, which are accessible to consumers in New York.

93.     Upon information and belief, Defendant continues to use the HALAL MUNCHIES marks in bad faith to cause confusion and trade upon Plaintiff's longstanding goodwill and substantial popularity and recognition.

94.     Upon information and belief, Defendant is using the HALAL MUNCHIES marks for identical or substantially similar goods and services to those offered by Plaintiff under its HALAL MUNCHIES marks.  These overlapping goods and services include Defendant's operation of restaurants that offer Halal food.

95.     Upon information and belief, Defendant is engaging in other unlawful conduct to exacerbate consumer confusion, including, but not limited to, falsely claiming an association with Plaintiff's restaurants, fraudulently offering franchises of Plaintiff's restaurant and licenses to Plaintiff's HALAL MUNCHIES marks, and advertising itself as "New York Street Food" and "NYC FLAVOR." *See supra* Paragraphs 44-46.

96.     The aforementioned unlawful use of Plaintiff's HALAL MUNCHIES marks by Defendant has been done without Plaintiff's permission.

97.     Therefore, Defendant's acts have and are likely to cause confusion or to cause mistake or to deceive consumers as to the affiliation, connection, or association of Defendant's goods and services with Plaintiff, Plaintiff's restaurants and food, and Plaintiff's HALAL MUNCHIES marks.

98.     Defendant's use of Plaintiff's HALAL MUNCHIES marks and other unlawful conduct is causing actual consumer confusion. *See supra* Paragraphs 40-49.

99.     Upon information and belief, Defendant acted willfully, with the intent to trade upon the goodwill and reputation of Plaintiff and its HALAL MUNCHIES marks, and with the intent to cause confusion, to cause mistake, or to deceive.

100.    Defendant's aforementioned acts of infringement have injured and violated the rights of Plaintiff in an amount to be determined at trial. Further, by these acts, Defendant has irreparably injured Plaintiff, and such injury will continue unless enjoined by this Court.

101.    Plaintiff is therefore entitled to all of the remedies available under the common law, including actual damages, an accounting of Defendant's profits, treble damages, costs, and attorneys' fees.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

102.    Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 53 as if fully set forth herein.

103.    Plaintiff's HALAL MUNCHIES marks have acquired strong secondary meaning by virtue of years of continuous and substantially exclusive use of such marks in interstate commerce.

104.    Defendant previously fraudulently registered the HALAL MUNCHIES mark (which it subsequently abandoned) and has filed another trademark application relating to the HALAL MUNCHIES mark, seeking nationwide rights, including rights in New York. *See supra* Paragraphs 34, 37-39.

105.    Defendant has filed extensions of time to oppose Plaintiff's '751 Application in bad faith. *See supra* Paragraph 51.

106.    Defendant uses Plaintiff's HALAL MUNCHIES marks on its website as well as on social media, which are accessible to consumers in New York.

107.    Defendant advertises itself, including through online advertising, as "New York Street Food" and "NYC FLAVOR."  Defendant also advertises itself as being associated with Plaintiff, as owning Plaintiff's restaurant locations, and as a national franchisor of HALAL MUNCHIES restaurants.  *See supra* Paragraphs 44-46.

108.    Defendant's wrongful promotion of goods and services under a mark identical and/or confusingly similar to Plaintiff's HALAL MUNCHIES marks is likely to deceive the public into believing falsely that Defendant's products and services emanate from Plaintiff and/or that there is a connection between Plaintiff and Defendant.

109.    Defendant's wrongful promotion of goods and services under Plaintiff's HALAL MUNCHIES marks has caused actual confusion. *See supra* Paragraphs 40-49.

110.    Defendant's wrongful promotion of goods and services as originating in New York is likely to deceive the public into believing falsely that Defendant's products and services emanate from Plaintiff and/or that there is a connection between Plaintiff and Defendant.

111.    Defendant has unfairly competed with Plaintiff in violation of common law by displaying, promoting, offering for sale and selling products and services.

112.    Defendant's bad faith interference with Plaintiff's pending trademark applications also constitutes unfair competition.

113.    On information and belief, Defendant's unfair competitive conduct in violation of New York common law was, and continues to be, a deliberate attempt by Defendant to knowingly misappropriate Plaintiff's marks, interfere with Plaintiff's rights, and to trade upon Plaintiff's longstanding goodwill and substantial popularity and recognition.

114.    As a proximate result of the acts of Defendant as alleged herein, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Defendant is profiting at Plaintiff's expense.

115.    Plaintiff has no adequate remedy at law against this unfair competition. Unless Defendant is enjoined by the Court, Plaintiff will continue to suffer irreparable harm.

116.    On information and belief, Defendant's acts were committed intentionally, willfully and wantonly, and with oppression, fraud, and malice toward Plaintiff.  Therefore, in addition to its actual damages and disgorgement of Defendant's ill-gotten gains, Plaintiff is also entitled to an award of punitive damages.

<u>**COUNT V**</u>
<u>**DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF NYGBL § 349**</u>

117.    Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 53 as if fully set forth herein.

118.    Plaintiff is the owner of the HALAL MUNCHIES marks.

119.    Plaintiff's HALAL MUNCHIES marks are strong because they are inherently distinctive and have become well-known in the State of New York and throughout the United States as a result of Plaintiff's extensive, continuous, and uninterrupted use in commerce, advertising, and social media, which has earned Plaintiff tremendous goodwill and an outstanding reputation.

120.    Defendant previously fraudulently registered the HALAL MUNCHIES mark (which it subsequently abandoned) and has filed another trademark application relating to the HALAL MUNCHIES mark, seeking nationwide rights, including rights in New York. *See supra* Paragraphs 34, 37-39.

121.    Defendant uses Plaintiff's HALAL MUNCHIES marks on its website as well as on social media, which are accessible to consumers in New York.

122.    Defendant advertises itself, including through online advertising, as "New York Street Food" and "NYC FLAVOR." Defendant also advertises itself as being associated with Plaintiff, as owning Plaintiff's restaurant locations, and as a national franchisor of HALAL MUNCHIES restaurants.  *See supra* Paragraphs 44-46.

123.    Upon information and belief, Defendant's use of the HALAL MUNCHIES marks, false claims of association with Plaintiff, and identification as "New York Street Food" and "NYC FLAVOR" are consumer-oriented in that they are being used to cause confusion or to cause

mistake or to deceive consumers as to the affiliation, connection, or association of Defendant's goods and services with Plaintiff or Plaintiff's products or services.

124.    Upon information and belief, Defendant's use of the HALAL MUNCHIES marks, false claims of association with Plaintiff, and identification of itself as "New York Street Food" and "NYC FLAVOR" are each materially misleading to consumers and to the public.

125.    Defendant's use of the HALAL MUNCHIES marks, false claims of association with Plaintiff, and identification of itself as "New York Street Food" and/or "NYC FLAVOR" have actually misled consumers and the public, including consumers in New York. *See supra* Paragraphs 40-49.

126.    Upon information and belief, Defendant acted willfully and knowingly, with the intent to trade upon Plaintiff's longstanding goodwill and substantial popularity and recognition in New York.

127.    Moreover, Defendant is trading upon Plaintiff's HALAL MUNCHIES marks to market and sell Halal food, which may not meet Plaintiff's quality control standards and over which Plaintiff has no control.  Therefore, consumers may be misled into purchasing products and services that are of a lesser quality, to the detriment of Plaintiff.

128.    Consumers have been disappointed with the quality of Defendant's food, as compared to Plaintiff's. *See supra* Paragraphs 41, 48.

129.    Defendant's aforesaid acts of deception have injured and caused damage to the Plaintiff in New York and throughout the United States in an amount to be determined at trial. Further, by these acts, Defendant has irreparably injured Plaintiff, and such injury will continue unless enjoined by this Court.

130.    Plaintiff is therefore entitled to all of the remedies available under New York General Business Law § 349(h), including actual damages, treble damages, and attorneys' fees.

**COUNT VI**
**VIOLATION OF NYGBL § 360-l**

131.    Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 53 as if fully set forth herein.

132.    Plaintiff's HALAL MUNCHIES marks are strong because they are inherently distinctive and have become well-known in the State of New York and throughout the United States as a result of Plaintiff's extensive, continuous, and uninterrupted use in commerce, advertising, and social media, which have earned Plaintiff tremendous goodwill and an outstanding reputation.

133.    Defendant previously fraudulently registered the HALAL MUNCHIES mark (which it subsequently abandoned) and has filed another trademark application relating to the HALAL MUNCHIES mark, seeking nationwide rights, including rights in New York. *See supra* Paragraphs 34, 37-39.

134.    Defendant has filed extensions of time to oppose Plaintiff's '751 Application in bad faith. *See supra* Paragraph 51.

135.    Defendant uses Plaintiff's HALAL MUNCHIES marks on its website as well as on social media, which are accessible to consumers in New York.

136.    Defendant advertises itself, including through online advertising, as "New York Street Food" and "NYC FLAVOR." Defendant also advertises itself as being associated with Plaintiff, as owning Plaintiff's restaurant locations, and as a national franchisor of HALAL MUNCHIES restaurants. *See supra* Paragraphs 44-46.

137.    Defendant's use of the HALAL MUNCHIES marks has actually mislead consumers and the public, including consumers in New York. *See supra* Paragraphs 40-49.

138.    Moreover, Defendant is trading upon Plaintiff's HALAL MUNCHIES marks to market and sell Halal food, which may not meet Plaintiff's quality control standards and over which Plaintiff has no control.  Therefore, consumers may be misled into purchasing products and services that are of a lesser quality, to the detriment of Plaintiff.

139.    Consumers have been disappointed with the quality of Defendant's food, as compared to Plaintiff's. *See supra* Paragraphs 41, 48.

140.    Defendant's unauthorized use of the HALAL MUNCHIES marks and trade name, despite Plaintiff's continuous use and senior rights, has injured and will continue to injure Plaintiff's business reputation in New York and throughout the United States, and has diluted or is likely to dilute, and will continue to dilute unless restrained, the distinctive quality of Plaintiff's strong HALAL MUNCHIES marks by diminishing the exclusive association between the marks and Plaintiff's goods and services, or otherwise lessening the capacity of the HALAL MUNCHIES marks to exclusively identify Plaintiff and its goods and services.

141.    Defendant's unauthorized use of the HALAL MUNCHIES marks and trade name also constitutes unfair competition. *See* Counts I, IV.

142.    Upon information and belief, Defendant's adoption and use of the HALAL MUNCHIES mark and trade name is willful and was done with knowledge of Plaintiff's prior rights and goodwill in the HALAL MUNCHIES marks and trade name.

143.    Plaintiff has suffered irreparable harm and continues to suffer irreparable harm in New York and throughout the United States as a result of Defendant's conduct and will continue

to suffer irreparable injury unless Defendant is enjoined from engaging in any further acts in violation of New York General Business Law § 360-l.

## COUNT VII
## USE OF A NAME WITH INTENT TO DECEIVE IN VIOLATION OF NYGBL § 133

144.    Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 53 as if fully set forth herein.

145.    Upon information and belief, with awareness and knowledge of Plaintiff's prior rights, Defendant adopted and is using HALAL MUNCHIES as its assumed and trade name, as well as in its advertising, for its restaurants. *See supra* Paragraphs 9, 27-33.

146.    Defendant previously fraudulently registered the HALAL MUNCHIES mark (which it subsequently abandoned) and has filed another trademark application relating to the HALAL MUNCHIES mark, seeking nationwide rights, including rights in New York. *See supra* Paragraphs 34, 37-39.

147.    Defendant has filed extensions of time to oppose Plaintiff's '751 Application in bad faith. *See supra* Paragraph 51.

148.    Defendant uses Plaintiff's HALAL MUNCHIES marks on its website as its assume and trade name, as well as on social media, which are accessible to consumers in New York.

149.    Defendant advertises itself, including through online advertising, as "New York Street Food" and "NYC Flavor." Defendant also advertises itself as being associated with Plaintiff, as owning Plaintiff's restaurant locations, and as a national franchisor of HALAL MUNCHIES restaurants.  *See supra* Paragraphs 44-46.

150.    Defendant, a New York corporation, has registered HALAL MUNCHIES as a trade name with the state of Ohio.

151.    By using the name and HALAL MUNCHIES mark within Defendant's assumed name, trade name, logo, and advertising, Defendant has created and will create a false designation of origin, which confuses potential customers into believing that Defendant's goods and services are associated with, sponsored, or approved by Plaintiff.

152.    Defendant's use of the HALAL MUNCHIES mark has actually mislead consumers and the public, including consumers in New York. *See supra* Paragraphs 40-49.

153.    Plaintiff is informed and believes, and thereupon alleges, that Defendant acted willfully, with an intent to deceive the public.

154.    Defendant's acts have injured and violated the rights of Plaintiff in New York and throughout the United States in an amount to be determined at trial. Further, by these acts, Defendant has irreparably injured Plaintiff, and such injury will continue unless enjoined by this Court.

155.    Plaintiff is therefore entitled to all of the remedies available under New York General Business Law § 133.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

156.    Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 53 as if fully set forth herein.

157.    Plaintiff has prospective business relationships with third parties in the Halal food industry that are interested in opening and operating one of Plaintiff's HALAL MUNCHIES restaurants as a franchisee or business partner, as well as licensing Plaintiff's HALAL MUNCHIES marks.

158.    Upon information and belief, Defendant is aware of these relationships and the desires of third parties in the Halal food industry to open and operate a HALAL MUNCHIES

restaurant as a franchisee or business partner, and the desires of third parties to license Plaintiff's HALAL MUNCHIES marks.

159.    Defendant is intentionally interfering with Plaintiff's prospective business relationships by offering HALAL MUNCHIES franchises to third parties in the Halal food industry for an amount lower than Plaintiff's franchising and business partner fee and royalty.

160.    Defendant is also intentionally interfering with Plaintiff's prospective business relationships by offering third parties licenses to Plaintiff's HALAL MUNCHIES marks without authorization and for an amount lower than Plaintiff's licensing fee.

161.    Defendant also is interfering with Plaintiff's potential business, franchising and licensing relationships by filing extensions of time to oppose Plaintiff's '751 Application to prolong and make it more expensive for Plaintiff to obtain its trademark registrations.  Upon information and belief, Defendant's extension requests are filed in bad faith because Defendant has no legitimate basis to oppose Plaintiff's '751 Application. Plaintiff has secondary meaning in the HALAL MUNCHIES marks and clear priority over any subsequent bad faith adoption and use by Defendant. There is also claim preclusion due to the final judgment entered against Defendant in the cancellation proceeding relating to the '533 Registration.

162.    Upon information and belief, Defendant's tortious actions were done with malice and Defendant used dishonest, unfair, and/or improper means to make its franchise offerings, including, but not limited to, by claiming a false association with HALAL MUNCHIES, intentionally copying Plaintiff's HALAL MUNCHIES marks, and filing extensions of time to oppose Plaintiff's '751 Application in bad faith. *See supra* Paragraphs 9, 27-33, 44-46, 34, 37-39, 50-51.

163.    Defendant's tortious actions have caused injury to Plaintiff's prospective business relationships and its reputation in the Halal food industry.

164.    As a proximate result of the acts of Defendant as alleged herein, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Defendant is profiting at Plaintiff's expense.

165.    Plaintiff has no adequate remedy at law against this tortious interference. Unless Defendant is enjoined by the Court, Plaintiff will continue to suffer irreparable harm.

166.    On information and belief, Defendant's acts were committed intentionally, willfully and wantonly, and with oppression, fraud, and malice toward Plaintiff. Therefore, in addition to its actual damages and disgorgement of Defendant's ill-gotten gains, Plaintiff is also entitled to an award of punitive damages.

## COUNT IX
## DECEPTIVE TRADE PRACTICES IN VIOLATION OF
## OHIO DECEPTIVE TRADE PRACTICES ACT § 4165.02

167.    Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 53 as if fully set forth herein.

168.    Plaintiff is the owner of the HALAL MUNCHIES marks.

169.    Plaintiff's HALAL MUNCHIES marks are strong because they are inherently distinctive and have become well-known in Ohio and throughout the United States as a result of Plaintiff's extensive, continuous, and uninterrupted use in commerce, advertising, and social media, which have earned Plaintiff tremendous goodwill and an outstanding reputation.

170.    Plaintiff has a HALAL MUNCHIES restaurant located in Middletown, Ohio.

171.    Upon information and belief, Defendant adopted the HALAL MUNCHIES mark in bad faith and with knowledge of Plaintiff's prior use and/or rights. *See supra* Paragraphs 9, 27-33.

172.    Defendant has registered HALAL MUNCHIES as a trade name with the state of Ohio.

173.    Defendant previously fraudulently registered the HALAL MUNCHIES mark (which it subsequently abandoned) and has filed another trademark application relating to the HALAL MUNCHIES mark, seeking nationwide rights, including rights in Ohio. *See supra* Paragraphs 34, 37-39.

174.    Defendant advertises itself, including through online advertising, as "New York Street Food" and "NYC FLAVOR."  Defendant also advertises itself as being associated with Plaintiff, as owning Plaintiff's restaurant locations, and as a national franchisor of HALAL MUNCHIES restaurants.  *See supra* Paragraph 44-46.

175.    Upon information and belief, through Defendant's use of Plaintiff's HALAL MUNCHIES marks, false claims of association with Plaintiff, and identification as "New York Street Food" and "NYC FLAVOR," Defendant is passing itself and its restaurants off as Plaintiff and Plaintiff's restaurants.

176.    Upon information and belief, Defendant's use of Plaintiff's HALAL MUNCHIES marks, false claims of association with Plaintiff, and identification as "New York Street Food" and "NYC FLAVOR" cause confusion or misunderstanding as to source, sponsorship, approval, certification, affiliation, connection, or association of Defendant's goods and services with Plaintiff or Plaintiff's products or services.

177.    Defendant's identification of itself as "New York Street Food" and/or "NYC FLAVOR" is a deceptive representation or designation of geographic origin because Defendant's restaurants are not in New York.

178.    Defendant's use of the HALAL MUNCHIES marks, false claims of association with Plaintiff, and identification of itself as "New York Street Food" and/or "NYC FLAVOR" have actually misled consumers and the public. *See supra* Paragraphs 40-49.

179.    Moreover, Defendant is trading upon Plaintiff's HALAL MUNCHIES marks to market and sell Halal food, which may not meet Plaintiff's quality control standards and over which Plaintiff has no control.  Therefore, consumers may be misled into purchasing products and services that are of a lesser quality, to the detriment of Plaintiff.

180.    Consumers have been disappointed with the quality of Defendant's food, as compared to Plaintiff's. *See supra* Paragraphs 41, 48.

181.    Upon information and belief, Defendant acted willfully and knowingly, with the intent to trade upon Plaintiff's longstanding goodwill and substantial popularity and recognition.

182.    Defendant, therefore, has violated Ohio Deceptive Trade Practices Act § 4165.02(A)(1), (2), (3), (4), (7), (9), (10).

183.    Defendant's aforesaid acts of deceptive trade practices have injured and caused damage to the Plaintiff in Ohio and throughout the United States in an amount to be determined at trial. Further, by these acts, Defendant has irreparably injured Plaintiff, and such injury will continue unless enjoined by this Court.

184.    Plaintiff is therefore entitled to all of the remedies available under Ohio Deceptive Trade Practices Act § 4165.03 including actual damages and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.    That Plaintiff's HALAL MUNCHIES marks are deemed valid and infringed by Defendant in violation of common law;

B.      That Defendant's use of the mark HALAL MUNCHIES and other acts complained of herein be adjudged a violation of 15 U.S.C. § 1125(a)(1)(A) as a false designation of origin, or a false description or representation;

C.      That Defendant be adjudged to have unfairly competed with Plaintiff under 15 U.S.C. § 1125(a) and common law;

D.      That Defendant's advertising that it has 25 or more restaurant locations, claiming that it owns Plaintiff's Middletown, Ohio restaurant location, and offering franchises of Plaintiff's restaurant and licenses to Plaintiff's HALAL MUNCHIES marks be adjudged a violation of 15 U.S.C. § 1125(a)(1)(B) as false advertising;

E.      That Defendant's identification of itself as "New York Street Food" be adjudged a violation of 15 U.S.C. § 1125(a)(1)(B) as false advertising;

F.      That Defendant's identification of itself as "NYC FLAVOR" be adjudged a violation of 15 U.S.C. § 1125(a)(1)(B) as false advertising;

G.      That Defendant be adjudged to have engaged in deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349;

H.      That Defendant be adjudged to have injured Plaintiff's business reputation in violation of N.Y. Gen. Bus. Law § 360-l;

I.      That Defendant be adjudged to have used the HALAL MUNCHIES mark with the intent to deceive in violation of N.Y. Gen. Bus. Law § 133;

J.      That Defendant be adjudged to have tortiously interfered with Plaintiff;

K.      That Defendant be adjudged to have engaged in deceptive trade practices in violation of Ohio Deceptive Trade Practices Act § 4165.02;

L.      That Defendant and all other persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1116, N.Y. Gen. Bus. Law. §§ 133, 349, 360-l, Ohio Deceptive Trade Practices Act § 4165.03, and common law from:

a.  Using the phrase "HALAL MUNCHIES" as a trademark or as part of any logo to market, advertise, and/or identify Defendant's products or services;

b.  Using the phrase "HALAL MUNCHIES" to market, advertise, and/or identify Defendant's products or services in a manner likely to be mistaken or confused with Plaintiff's HALAL MUNCHIES trademarks or likely to create the erroneous impression that Defendant's products or services originate with Plaintiff, are endorsed by Plaintiff, or are connected in any way to Plaintiff;

c.  Falsely designating the origin of Defendant's products or services;

d.  Causing a likelihood of confusion in the public as to the source or endorsement of Defendant's products or services;

e.  Otherwise infringing Plaintiff's trademark rights or contributing to or inducing anyone to infringe Plaintiff's trademark rights;

f.  Falsely associating with Plaintiff and/or any of Plaintiff's restaurants;

g.  Falsely offering HALAL MUNCHIES franchises and trademark licenses;

h.  Tortiously interfering with Plaintiff's prospective business in any manner whatsoever; and

i.  Unfairly competing with Plaintiff in any manner whatsoever.

M.     Directing that Defendant deliver for destruction all infringing promotional materials and related advertisements, labels, signs, prints, menus, packages, wrappers, receptacles, and website in their possession or under their control bearing names or marks identical or similar to any of Plaintiff's trademarks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof pursuant to 15 U.S.C. § 1118;

N.     That Defendant be precluded from applying to register any trademark that incorporates any of Plaintiff's HALAL MUNCHIES marks or any mark confusingly similar thereto, and/or be directed by this Court to surrender, withdraw, or abandon any application filed by, or registration granted to, Defendant pursuant to 15 U.S.C. § 1057(e) or, in the alternative, that the Court direct the United States Patent and Trademark Office to reject such applications under at least 15 U.S.C. § 1052(d) or cancel such registration(s) pursuant to 15 U.S.C. § 1119;

O.     That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

P.     That Defendant be required to account to Plaintiff for any and all profits derived by them by reason of Defendant's acts complained of herein;

Q.     That Defendant be ordered to pay over to Plaintiff all damages which Plaintiff has sustained as a consequence of the acts complained of herein;

R.     That Plaintiff be awarded Defendant's profits derived by reason of said acts under 15 U.S.C. § 1117;

S.     That Defendant's acts complained of herein be deemed willful, and that this be deemed an exceptional case pursuant to 15 U.S.C. § 1117(a). Further, that Plaintiff recover treble damages pursuant to 15 U.S.C. § 1117(a) and N.Y. Gen. Bus. Law § 349(h);

T.    That Plaintiff be awarded costs, attorneys' fees, and expenses in this suit under 15

U.S.C. § 1117, N.Y. Gen. Bus. Law § 349(h), and Ohio Deceptive Trade Practices Act § 4165.03;

U.    That Plaintiff be awarded punitive damages; and

V.    For any other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all claims for relief herein and all issues so triable.

Dated: September 18, 2025                    Respectfully submitted,

                                             /s/ *Lauren Sabol*
                                             Lauren Sabol
                                             FOX ROTHSCHILD LLP
                                             Six PPG Place
                                             Suite 1000
                                             Pittsburgh, PA 15222
                                             (412) 394-5568
                                             LSabol@foxrothschild.com

                                             Dominique Carroll
                                             FOX ROTHSCHILD LLP
                                             101 Park Avenue
                                             17th Floor
                                             New York, NY 10178
                                             (212) 878-7900
                                             DJCarroll@foxrothschild.com

                                             *Attorneys for Plaintiff Halal Munchies Trademark, Inc.*